IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAWAZ NAMAN HAMOUD, ) | |
| ) | Civil Action No. 05-1894 (RWR) |
| *Petitioner*, ) | |
| ) | |
| *v*. ) | |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| *Respondents*. ) | |

**PETITIONER'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S
MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS**

Introduction

The Government tries to make its application to stay the current proceeding appear as a simple exercise in efficiency and judicial convenience, but its motion implicates more serious questions concerning the judiciary's role in preserving the rule of law and exercising its Constitutionally-mandated check on the abuse of Governmental power.  In practical terms, if the Court grants the Government's motion to stay this proceeding, in addition to violating the express terms of the *habeas corpus* statute, it would also permit the Executive Branch to continue to proceed with respect to Petitioner substantially free of restraint by the United States Constitution, treaties, statutes or courts.  The practical effect of the stay sought will be to continue – for an indefinite period – the Executive Branch's assertion and implementation of unchecked power, in direct violation of the Supreme Court's ruling more than a year ago in *Rasul* v. *Bush*, 124 S.Ct. 2686 (2004).

Recognizing that this Court has already granted partial stays in other Guantanamo cases, including in *Ahmed v. Bush*, 2005 WL 1606912 (July 8, 2005)Dkt. 05-665(RWR), Petitioner respectfully requests that this Court reconsider this issue.

Petitioner acknowledges that the Guantánamo cases currently on appeal involve similar, and in some cases, identical, legal issues to the ones raised by Petitioner herein. Nonetheless, Petitioner is entitled to his own day in Court, and is entitled to have his case heard on its own merits. And while the Government contends that "[t]he pending appeals will address the core issues in these cases and, thus, determine how these cases should proceed, *if at all*" (Mot. at 2)(emphasis added), what it really seeks to do is to shut down the Guantánamo cases altogether, not to seek guidance from a higher court as to "how" to proceed. (Indeed, the procedures relevant to *habeas corpus* petitions are well established and well known to this Court.) Thus, Petitioner respectfully submits, notwithstanding Judge Leon's decisions in *Khalid* v. *Bush*, No. 04-CV-1142 (RJL) and *Boumediene* v. *Bush*, No. 04-CV-1166 (RJL), 2005 WL 100924 (D.D.C. Jan. 19, 2005), that *Rasul* has already answered whatever questions the Government may have about "whether" and "how" to proceed in these cases. When the Supreme Court held that Petitioner could apply for *habeas* relief, it must have intended for that right to have some meaning – to be more than the right to file a petition which would then be dismissed on the ground that there are no circumstances under which the Great Writ may apply to Guantánamo detainees.

Petitioner also respectfully requests that this Court consider what a stay of up to a year or more would mean for the life of the instant Petitioner. Simply put, a stay in this case would mean that *years* of imprisonment will have elapsed before the Court can address the merits of Petitioner's claims and begin to grant relief. And, during the duration of any such stay, the Executive Branch will continue to proceed as if Petitioner has no rights whatsoever and the

Judiciary is powerless to act – an approach which disregards our system of checks and balances and virtually assures the kind of prisoner abuse that has already sullied our country's reputation..

The Government's argument is that *if* a higher court were to rule that Petitioner has no cognizable rights – that *Rasul* is no more than a semantic exercise – there would be, absent a stay, an unnecessary expenditure of judicial and executive resources. But, the fallacy in the Government's position is that the converse is also true: if a higher court declares that Petitioner does have rights, as *Rasul* on its face suggests, a stay of the instant proceedings would mean that those rights would continue to be denied, without justification.

The strength of our constitutional government is not its abstract efficiency, but its adherence to the rule of law and its recognition that each person has rights that the courts will enforce. Thus, Petitioner respectfully requests that the motion for a stay be denied because our system of checks and balances requires that there be no further delay in providing Petitioner with a meaningful *habeas* proceeding.

## STATEMENT OF PRIOR PROCEEDINGS

Following Petitioner's filing of a Petition for Writ of Habeas Corpus, this Court, on October 31, 2005, issued an Order Directing Respondent to Show Cause why the Writ of *Habeas Corpus* should not issue (see Exh. A hereto). The Court also entered a Protective Order on the same date.

The Petitioner in this case, Fawaz Naman Hamoud, ISN # 678, was misidentified by Respondents as Hazi Ahmed, the Petitioner represented by undersigned counsel in Dkt. 05-665.[1] Since this Court had entered the Order in the *Ahmed* case which required, *inter alia*, that

---

[1] Counsel learned of this misidentification when she traveled to Guantanamo to visit her client Mr. Ahmed, but was presented with the detainee referred to by respondents as Naman Hamoud Abdullah Mahdi, INS#678. At that time, Mr. Hamoud informed counsel that he wished to have representation in the filing of a *habeas corpus* petition.

Respondents provide a "factual return" relating to Mr. Ahmed, counsel is in receipt of Combatant Status Review Tribunal documents with respect to Mr. Hamoud as of the date of their provision in August, 2005.

## ARGUMENT

**I. RESPONDENTS' MOTION TO STAY THE PROCEEDINGS SHOULD BE DENIED**

The Great Writ has long been understood to provide a "swift and imperative remedy in all cases of illegal restraint or confinement." *Fay* v. *Noia*, 372 U.S. 391, 400 (1963). Certainly, "*habeas corpus* matters are to be accorded a high priority; they must be resolved promptly by the court." *In re Habeas Corpus Cases*, 216 F.R.D. 52 (E.D.N.Y. 2003). Particularly where "some of [Petitioner's] claims may merit release, with postponement leading to unnecessary continuation of custody," *id.*, "[s]pecial solicitude is required," as "the statute itself directs courts to give petitions for *habeas corpus* special, preferential consideration to insure expeditious hearing and determination." *Yong* v. *INS*, 208 F.3d 1116, 1120 (9th Cir. 2000). Respondents' motion to stay Petitioner's *habeas* proceeding pending the resolution of appeals in other actions contradicts the plain protections afforded by 28 U.S.C. § 2243.

The need for a prompt hearing could not be greater than here, where the Government has unlawfully detained Petitioner for years, virtually *incommunicado*, under torturous and inhumane conditions, and without access to counsel or meaningful judicial review. *See Rasul*, 124 S.Ct. at 2692; *INS* v. *St. Cyr*, 533 U.S. 289, 301 (2001). The United States Supreme Court has unequivocally held that Petitioner is entitled to at least minimal due process, and specifically considered – and rejected – the proposition that judicial review will intrude upon the powers delegated to the Executive under Article II of the Constitution of the United States. *Rasul*, 124 S.Ct. at 2692-93. The Government's attempt to prevent the timely consideration of the instant

petition, unpersuasively wrapped in the language of judicial efficiency and administrative ease, should be rejected.

**A. Judicial Efficiency And Administrative Ease Are Not Sufficient Reasons To Justify The Stay Of Petitioner's Proceeding, Indefinitely Prolonging His Unlawful Detention By The Government**

Petitioner respectfully submits that, although Respondents present their motion as routine administrative process, the very request to stay these proceedings represents yet another step in the Government's campaign to avoid district court scrutiny of *any* Guantánamo detainee's application for *habeas* relief. As the *Rasul* Court noted, district courts should "hear petitioner's *habeas corpus* challenges," *Rasul*, 124 S.Ct. at 2698, and "make their responses *to the merits* of petitioner's claims." *Id*. at 2699. The Government has made an extraordinary request: it has asked that the Court allow the Executive to continue, without judicial review, the *incommunicado* detention and prosecution of individuals for whom no legal process has been afforded. This stands in sharp contrast to the *habeas* statute which requires expedited, open proceedings. *See* 28 U.S.C. 2241 *et seq*. In *Hamdi* v. *Rumsfeld,* the Supreme Court held that petitioners are entitled to basic due process protections, including "notice of the factual basis for [their] classification and a fair opportunity to rebut the government's factual assertions before a neutral decision maker." *Hamdi* v. *Rumsfeld,* 124 S.Ct. 2633, 2648 (2004). By staying Petitioner's *habeas* proceedings, the Court will effectively deprive Petitioner of these fundamental protections for many more months, and, potentially, years.

Respondents' disregard for the Supreme Court's holdings in *Rasul* and *Hamdi* should not be sanctioned by this Court, particularly where, as the years have passed, there has been a lack of disclosure with respect to the designation and treatment of detainees at Guantánamo, with the bulk of mounting publicly available evidence demonstrating abuses and unlawful conditions of

confinement. Thus, the Court should reject the Government's attempt to remove Guantánamo from the rule law, and should allow Petitioner's *habeas* proceedings to move forward.

In fact, contrary to the claims of the Government, judicial economy would be *best* served by allowing Petitioner's case to proceed. Respondents seek to halt all currently filed petitions, each of which implicates an individual set of facts and allegations requiring a tailored investigation by counsel and fact-finding by the Court. Allowing these petitions to proceed – a group which, collectively, represents a literally insignificant number in comparison to thousands of *habeas* challenges filed every year – would enable the Court and counsel to create an effective record. Instead, Respondents prefer that the cases remain piled at the door of the Court, creating an inevitable and imposing delay when the stay is ultimately lifted and the cases proceed.

**(1) Petitioner Will Continue to Have His Rights Violated and His Well-Being Threatened If This Proceeding Is Stayed For a Year or More**

The conditions under which Petitioner have been detained mandate review in the courts. Petitioner has been deprived of contact with his family. Many detainees have been subjected to coerced interrogations. Many have complained of psychological and physical abuse, including brutal beatings, sexual humiliation and religious torture. These reports have been confirmed by released detainees, as well as by military personnel and the International Committee of the Red Cross. *See generally In re Guantanamo Cases*, 355 F.Supp. 2d 443 (D.D.C. 2005). Petitioner has been subjected to, and will continue to face, significant harm should the Court grant Respondents' request and leave Petitioner to suffer under these unconstitutional, illegal and inhumane conditions for many more months, if not years.

### (2) Respondents Face No Harm If The Proceedings Move Forward

On the other hand, proceeding with Petitioner's case will not impose an unreasonable burden on Respondents, and is precisely what the *habeas corpus* statute, as well as *Rasul*, contemplates. Certainly, the mere administrative burden foisted on the Government related to a *habeas* proceeding, as Respondents allege, is insufficient to justify delay. 28 U.S.C. § 2243 grants the Court significant discretion to structure *habeas* proceedings in such a manner as to accommodate both routine government needs, as well as any special circumstances presented by the instant proceedings.

### (3) The Public Interest In Moving The Instant Proceeding Forward Is Strong

Finally, the public interest in the swift, fair and *open* adjudication of claims presented by detainees at Guantánamo is clear. Even putting aside the significant public and congressional demands for accountability with respect to the treatment of detainees, *see, e.g.,* David Johnston, *More of FBI Memo Criticizing Guantanamo Methods is Released*, N.Y. Times (Mar. 22, 2005), the strong public interest in affording Petitioner the due process as set forth by the United States Supreme Court strikes at the heart of constitutional governance.

For these reasons, the Government's motion to stay Petitioner's *habeas* proceeding should be denied, and the Court should allow Petitioner to move forward with his claims.

## II. RESPONDENTS' REQUEST FOR THIS COURT TO PERMIT IT TO WITHHOLD THE PURPORTED BASIS FOR PETITIONER'S ONGOING IMPRISONMENT, NOTWITHSTANDING THIS COURT'S OCTOBER 31, 2005 ORDER, SHOULD BE DENIED

Respondents' request to withhold all factual evidence of the purported basis for Petitioner's detention from Petitioner's counsel is without grounds and instead this Court should adhere to its October 31, 2005 Order requiring Respondent to Show Cause why the Writ of *Habeas Corpus* should not issue. Although counsel has received some factual materials with

respect to Mr. Hamoud due to Respondents' mistaken production of these materials in the *Ahmed* case, *see* pp. 3-4, *supra*, Respondents should be required to fully comply with the Order to Show Cause entered in the instant case.

In addition, as this Court did in the *Ahmed* case, *see* Order attached hereto as Ex. B, 2005 WL 1606912 (D.D.C. July 8, 2005), the Court should condition any stay it enters on entry of an Order requiring respondents to provide 30 days' advance written notice of any transfer or removal of petitioner from U.S. custody at Guantanamo Bay; and it should in addition direct that Respondents preserve all evidence, documents, and information relating to Petitioner's case.

## CONCLUSION

For the reasons presented above, Respondents' Motion to Stay Proceedings Pending Related Appeals and the Court should be denied; or if a Stay is granted, it should be conditioned upon Respondents' 1) compliance with this Court's Order of October 31, 2005 requiring Respondent to file and serve a statement showing why the Writ of *habeas corpus* should not issue; 2) preservation of all evidence, documents, and information relating to Petitioner's case; and 3) provision of 30 days' advance notice of any transfer of Petitioner from Guantánamo Bay, Cuba.

Dated: November 22, 2005.

                    Respectfully submitted,

                    Counsel for Petitioner:
                      /s/ Marjorie M. Smith
                    Marjorie M. Smith (NY 7922)
                    **LAW OFFICE OF MARJORIE M. SMITH**
                    P.O. Box 234
                    Piermont, NY  10968
                    845-365-6335 (PHONE)
                    845-365-2358 (FAX)