IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAWAZ NAMAN HAMOUD ABDULLAH MAHDI,<br><br>Petitioner<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>Respondents. | Civil Action No. 05-665 (RWR) |

### DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Fawaz Naman Hamoud Abdullah Mahdi that are suitable for public release. Two documents that pertain to the petitioner's medical condition are not attached hereto. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by a member of the OARDEC legal staff. This staff member also redacted information that would personally identify other detainees and certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 13 July 2005

_____
Teresa A. McPalmer
CDR, JAGC, USN



# Department of Defense
### Director, Combatant Status Review Tribunals

OARDEC/Ser35
12 August 2004

FOR OFFICIAL USE ONLY

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 678**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #678 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final, and the detainee will be scheduled for an Administrative Review Board.

J. M. MCGARRAH
RADM, CEC, USNR

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

11 Aug 04

MEMORANDUM

From: Legal Advisor
To:   Director, Combatant Status Review Tribunal

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 678

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Order of 29 July 2004

Encl: (1) Appointing Order for Tribunal #3 of 30 July 2004
      (2) Record of Proceedings for Detainee # 678

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and elected to participate in the Tribunal.

   b. The Tribunal was properly convened and constituted by enclosure (1). I note that this Tribunal was appointed on 30 July 2004 as Combatant Status Review Tribunal # 3. Due to an administrative shuffle of the Tribunal appointing letters, Tribunal # 2 was appointed *after* Tribunal # 3. As a result, the Tribunal Decision Report in enclosure (2) refers to this Tribunal as Tribunal # 2 when it is actually Tribunal # 3.

   c. The Tribunal complied with all provisions of references (a) and (b). The evidence raised the issue of the detainee's mental capacity to participate in the hearing. The Tribunal recognized this issue and determined that the detainee was mentally capable of participating in the proceeding.

   d. The detainee requested one witness who he identified to his Personal Representative as "█████████" or "█████████" That witness was later identified as █████████. █████████ testified in person before the Tribunal. █████████ refused to take a formal oath, but, in response to questioning from the Recorder, he promised to tell the truth. The detainee made no other requests for witnesses or other evidence, although during his statement to the Tribunal he referred to several people in Saudi Arabia and Yemen who could testify regarding his motive for fighting jihad in Afghanistan. The Tribunal President, after consulting with the Legal Advisor and Personal Representative, properly determined that this reference did not constitute a witness request. Note that even if the President had determined that the detainee's reference *did* constitute a witness request, the witnesses would have been irrelevant to the Tribunal's decision since, according to the detainee, the witnesses only

Subj:  LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW
       TRIBUNAL FOR DETAINEE ISN # 678

had knowledge of the detainee's motive for fighting in Afghanistan and apparently would not contradict the fact that he went to Afghanistan and fought for al-Qaeda and the Taliban.

e.  The Tribunal's decision that detainee # 678 is properly classified as an enemy combatant was unanimous.

f.  The detainee's Personal Representative was given the opportunity to review the record of proceedings and declined to submit comments to the Tribunal.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

James R. Crisfield Jr.
CDR, JAGC, USN



Department of Defense
Director, Combatant Status Review Tribunals

30 July 2004
Ser/0035ajs

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #3

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

▬▬▬▬▬▬▬▬▬ Colonel, U.S. Marine Corps Reserve; President

▬▬▬▬▬▬▬▬▬ Lieutenant Colonel, JAGC, U.S. Army; Member (JAG)

▬▬▬▬▬▬▬▬▬ Lieutenant Colonel, U.S. Air Force; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
U.S. Naval Reserve

SECRET//NOFORN//X1

### (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) (3) and (4).

(U) TRIBUNAL PANEL:   #2

(U) ISN#:   678

Ref:  (a) Convening Order for Tribunal #2 of 30 July 2004 (U)
      (b) CSRT Implementation Directive of 29 July 2004 (U)
      (c) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) Unclassified Summary of Basis For Tribunal Decision (U)
      (2) Classified Summary of Basis for Tribunal Decision (S//NF)
      (3) Summary of Detainee/Witness Testimony (S//NF)
      (4) Copies of Documentary Evidence Presented (S//NF)
      (5) Personal Representative's Record Review (U)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) The Tribunal has determined, by a preponderance of the evidence, that Detainee #678 is designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee affiliated himself with both Al-Qaeda and the Taliban, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



Colonel, U.S. Marine Corps
Tribunal President

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL:    #2
ISN #:    678

## 1. Introduction

As the Combatant Status Review Tribunal Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and has affiliated himself with both Al-Qaeda and the Taliban. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Any classified evidence considered by the Tribunal is discussed in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

## 2. Synopsis of Proceedings

The unclassified evidence presented to the Tribunal by the Recorder indicated that the detainee was captured in Afghanistan in 2001 and affiliated himself with both Al-Qaeda and the Taliban. The detainee chose to participate in the Tribunal process. He called one witness, and orally responded to questions from his Personal Representative. The Tribunal President found the requested witness reasonably available, and allowed the witness's testimony. The detainee, in his oral responses to questions, admitted traveling to the ▓▓▓▓ training camp, and training to fight in Jihad. He also admitted to "turning himself in," along with his weapon, to Northern Alliance forces while he was fighting with Taliban forces in Afghanistan. He denied executing an oath to Osama Bin Laden. The Tribunal President's evidentiary and witness rulings are explained below.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

a. Exhibits: D-a, R-1, and R-2 through R-18*

b. Testimony of the following persons: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (ISN ▓▓▓▓

c. Oral Responses of detainee in response to questions from his Personal Representative

*Exhibits R-2 through R-15, and R-18 are classified SECRET/NOFORN.

## 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested that the following witness be produced for the hearing:

| Witness | President's Decision | Testified? |
|---|---|---|
|  | Reasonably Available | Yes |

The Detainee requested no additional evidence be produced. He declined to make an oral statement on his own behalf, but he prepared a written statement in his native language, which was translated into English, and he asked his Personal Representative to read it on his behalf. He appropriately answered questions posed to him by his Personal Representative, as well as by Tribunal Members.

5. **Discussion of Unclassified Evidence**

The Tribunal found the following unclassified evidence persuasive in making its determinations: Exhibit R-1, which indicated that the detainee affiliated himself with Al-Qaeda by signing an oath of loyalty to Osama Bin Laden and training at the ▉▉▉ training camp in Afghanistan, a camp known to be frequented by Al-Qaeda members and sympathizers. The detainee also admitted traveling to Afghanistan to fight in the Jihad, fought with the ▉▉▉ group of Taliban fighters and engaged in hostilities against the Northern Alliance, an ally of the United States. Northern Alliance forces captured the detainee in 2001 near Mulla Qoli, Afghanistan.

The Tribunal found the following unclassified evidence unpersuasive in making its determinations: Exhibits R-16 and R-17, psychiatric examinations of the detainee in 2002. While these were persuasive in advancing the notion that the detainee suffers from a form of mental illness, they were not persuasive as to whether the detainee had acted as an Enemy Combatant, as defined in reference (c). For example, while R-17 indicates that the information offered by detainee should be considered "highly unreliable," it also says "there may be nuggets of vitally useful information buried [beneath] the mountain of psychiatric nonsense."

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

6. **Consultations with the CSRT Legal Advisor**

The Tribunal consulted the Legal Advisor during the course of this hearing on the following matters: During the Personal Representative's questioning of the detainee, the detainee exclaimed that he had witnesses in Saudi Arabia and Yemen who could support his contention that he only went to fight in the Jihad in Afghanistan at the urging of his friends and a Mullah in Mecca to cleanse his soul and free himself from his "magic illness" (detainee's reference to his alleged mental illness), or words to that effect. The

President inquired further of the Personal Representative as to whether the detainee had actually requested those witnesses (or any witnesses) be present. The Personal Representative replied that the detainee had not mentioned specific individuals such that a specific request for their presence could be made. After consultation with the Legal Advisor, the President determined that the detainee had not made a specific request for identifiable witnesses; therefore, a specific ruling as to their relevance or reasonable availability was not necessary.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee was mentally and physically capable of participating in the proceeding. No additional medical or mental health evaluations (other than the ones that had already been conducted as evidenced in exhibits R-16 and R-17) were requested or otherwise deemed appropriate.

    b. The detainee understood the Tribunal proceedings. He asked no questions regarding his rights and, although he asked his Personal Representative to read a statement and speak for him at the beginning of the proceeding, he also answered questions posed to him and otherwise actively participated in the hearing.

    c. The detainee is properly classified as an enemy combatant because he affiliated himself with both Al-Qaeda and the Taliban.

### 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

[signature redacted]

Colonel, U.S. Marine Corps
Tribunal President

**Summarized Detainee Statement**

I did not see anything. I am not an enemy combatant. I have a witness. It does not matter to me if my Personal Representative speaks on my behalf.

Detainee's witness is escorted into the proceedings.

**Summarized Detainee Witness Statement**

How are you Fawaz. I am so truthful. Anything I say will be the truth. There is no need for me to be under oath. I know the difference between the truth and a lie. Yes what I say will be the truth.

**Answers in response to questions by the Personal Representative:**
Yes I remember seeing Fawaz. I was sitting there. I saw Fawaz receiving his treatment there. I was sitting there in the hospital. I saw Fawaz receiving his treatment there. Fawaz was sitting there with me in the hospital. Fawaz was there getting treatment. That is all I know. Fawaz was getting treatment for magic things and have to be treated by reading of the Koran.

**Summarized Detainee Statement**

I was being treated for my mental problem. We had just met there in the Harem.

**Summarized Detainee Witness Statement**

**Answers in response to questions by the Recorder:**
Yes I did travel to Afghanistan. No I did not travel with the detainee. I did see the detainee in Afghanistan. I am willing to answer any questions. I just saw this guy there getting his treatment. That is the only thing I knew about him. I did not talk to him about any subject.

**Answers in response to questions by the Tribunal Members:**
If you have questions, please ask. I did not spend time with the detainee. I saw him. At that time they closed the roads to Palestine. I did not have any contact with the detainee. I just saw him there. I did not discuss him condition. I am holding myself responsible for everything I tell you. No I don't have anything else. I just would like to know how is health condition is doing. God be with you Fawaz. There is nothing. We don't have anything. I don't know why they are holding us here. We are so sure about this. We don't have anything. God be with you Fawaz.

Witness is removed from the proceedings.

ISN #678
Enclosure (3)
Page 1 of 3

### Summarized Detainee Statement

I want my Personal Representative to speak for me.

### Statement By Personal Representative

In response to the unclassified summary of evidence, I Fawaz want you to know he did not know the meaning of Al Quieda. I did not know anything about them until I turned myself in. I did not know swear to Jihad or Usama Bin Laden. I did not sign an oath of loyalty to Usama Bin Laden. I accused myself in front of the interrogators of many things to hasten my assumed execution rather than going to prison. I trained with ▆▆ ▆▆▆▆ I had to train there before I was allowed to go north. I left very early because the training was cruel. I was a fighter against Ahmed Masood. I did not know they were US Allies. I did not want to fight at all. But my friends and the Mullah told me to fight. I tried to pray to the Koran, to cleanse my soul. I had to fight Jihad as a last resort to cleanse my soul.

### Summarized Detainee Statement
I fight only because of Mullah. I prayed and reading of Koran for the sake of God. I did all these things for the sake of God. I was there because I was told only the Jihad places had magic things inside.

### Statement By Personal Representative
I went to fight Jihad as a last resort to fight the spell that was making me mentally ill. I was assigned to the ▆▆▆▆▆▆ group of fighters. I had a weapon, but I never fired it. I turned myself in ▆▆▆▆▆▆▆▆▆ at Mulli Qoli three days before Ramadan.

### Summarized Detainee Statement
**Answers in response to questions by the Tribunal Members:**
I have witnesses in Saudi Arabia and Yemen. I was told I have magic disease. I went to the hospital. They have the x-rays and reports. I experience some psychological problems while I was in the hospital. All my reports are still there in the same hospital. I was in the fight. I turned myself in to save my life. When we received the order to pull back, I withdraw and I had the weapon. I left the training camp because of the stress. The orders that was given to us was to do this and to do that. I decided to run away from the camp. Yes I turned in my weapon when I turned myself in. I have witnesses in Saudi Arabia and Yemen. They knew very well that my purpose for travel was not for Jihad but to treat myself.

ISN #678
Enclosure (3)
Page 2 of 3

UNCLASSIFIED

UNCLASSIFIED

## AUTHENTICATION

I certify the material contained in this transcript is a true and accurate summary of the testimony given during the proceedings.



Colonel, USMC
President, CSRT

ISN #678
Enclosure (3)
Page 3 of 3

UNCLASSIFIED

## Detainee Election Form

Date/Time: 22 JUL 04/0730

ISN#: 678

Personal Representative: Lt Col ███████
[Name/Rank]

Translator Required? Yes    Language? Modern Arabic

CSRT Procedures Read to Detainee or Written Copy Read by Detainee? _____

---

Detainee Election:

☒ Wants to Participate in Tribunal

☐ Affirmatively Declines to Participate in Tribunal

☐ Uncooperative or Unresponsive

Personal Representative Comments:
Detainee requested another detainee, ███████ (███████) be present at his hearing. Based on information detainee provided, the witness requested is ISN ███████
Detainee desires to make an oral statement to Tribunal.

███████
Personal Representative

**Combatant Status Review Board**

TO: Personal Representative

FROM: Recorder

Subject: Summary of Evidence for Combatant Status Review Tribunal – Mahdi, Fawaz Naman Hamoud Abdullah.

1. Under the provisions of the Department of the Navy Memorandum, dated 16 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that he is a member of Al-Qaida and associated with the Taliban. He engaged in hostilities against the United States or its coalition partners

    a. Detainee is a member of Al-Qaida.

        1. The detainee signed an oath of loyalty to Usama Bin Laden

        2. He trained at the ████████ training camp

    b. Detainee engaged in hostilities against the United States or its coalition partners

        1. Detainee admitted that he went to Afghanistan to fight in the Jihad.

        2. He was assigned to the ████████ Group of fighters. This group was responsible for a 50M by 100M sector on the front.

        3. He was captured in 2001 three days before Ramadan by Northern Alliance forces near the village of Mulla Qoli.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

EXHIBIT R 1

## Personal Representative Review of the Record of Proceedings

I acknowledge that on 3 August 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN# 678.

☒ I have no comments.

☐ My comments are attached.



_____  
Name

Date: 3 AUG 04

_____  
Signature

ISN #678  
Enclosure (5)

UNCLASSIFIED