IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAWAZ NAMAN HAMOUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-1894 (RWR) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' RESPONSE TO ORDER DIRECTING PARTIES TO SHOW CAUSE**

Respondents hereby respond to the Court's December 14, 2005 Order directing the parties to show cause why the above-captioned case – Hamoud v. Bush et al., – should not be consolidated with Ahmed et al. v. Bush et al., Civil Action No. 05-665 (RWR), because the petitioners in both cases are the same person. Respondents oppose consolidation of the two cases because petitioner Ahmed and petitioner Hamoud are not the same person. As explained below, based on all available information, respondents have concluded that petitioner Ahmed in the Ahmed case was one of three detainees transferred from Guantanamo Bay to France in March 2005 for consideration for prosecution. Petitioner Hamoud in the above-captioned case, however, remains detained at Guantanamo Bay. In light of the fact that petitioner Ahmed was released from respondents' custody and control before a habeas petition was filed on his behalf, the appropriate course would be for the Court to dismiss the Ahmed case as moot.

**BACKGROUND**

On April 1, 2005, a petition for writ of habeas corpus and complaint for declaratory and injunctive relief was filed on behalf of petitioner Hazi Hamed.  See Ahmed (dkt. no. 1).  The petition was brought on petitioner Ahmed's behalf by a purported next-friend, Mohammad Mohammad Hassen, another detainee at Guantanamo Bay who has a habeas petition pending.  See Abdah et al. v. Bush et al., Civil Action No. 04-1254 (HHK).  Based upon the information available at the time the petition was filed, respondents initially, and it now appears, inaccurately, identified petitioner Ahmed as having Internment Serial Number (ISN) 678.  This misidentification apparently came about due to the fact that the detainee with ISN 678 – petitioner Hamoud – has the name "Ahmed" as an alias and was housed, at the time of the filing of the petition, near next-friend petitioner Hassen.

On May 25, 2005, the Court issued an order sua sponte directing petitioner Ahmed to file a memorandum supplementing the information contained in the habeas petition demonstrating that his purported next-friend – Hassen – should be granted standing as a next friend for purposes of pursuing a petition for a writ of habeas corpus.  See Ahmed (dkt. no. 12).

On July 8, 2005, the Court issued an order granting in part and denying in part respondents motion to stay proceedings in the Ahmed case.  See Ahmed (dkt. no. 16).  The Court, inter alia, ordered respondents to produce a factual return for petitioner Ahmed within 30 days.  Id.  In accordance with the order, respondents filed a factual return for petitioner Ahmed – whom respondents had identified as ISN 678 – on August 8, 2005.  See Ahmed (dkt. no. 17).  Although the name of the detainee listed in the factual return ("Fawaz Naman Hamoud Abdullah Mahdi") differed from the name listed in the Ahmed petition ("Hazi Ahmed"), this discrepancy

did not cause respondents to question their initial identification of petitioner Ahmed due to the prevalence of multiple names and aliases among the detainees at Guantanamo.

The misidentification problem was first discovered following petitioner's counsel's initial visit to Guantanamo from August 21-23, 2005. During this visit, Guantanamo personnel made arrangements for petitioner's counsel to meet with the detainee respondents had previously identified as petitioner Ahmed – ISN 678. After conducting an initial meeting with ISN 678, petitioner's counsel informed Guantanamo personnel that ISN 678 was not the same person as petitioner Ahmed. Based on information provided by the next-friend, petitioner's counsel informed Guantanamo personnel for the first time that petitioner Ahmed was older than ISN 678.[1] Petitioner's counsel also informed Guantanamo personnel that petitioner Ahmed suffered from various physical ailments, including rectal bleeding.[2] In light of the additional information provided to Guantanamo personnel regarding petitioner Ahmed's age and condition, as well as discussions between Guantanamo personnel and petitioner Ahmed's next-friend regarding petitioner's identity, respondents subsequently concluded that petitioner Ahmed was, in fact, a former detainee who used the alias "Haji Mohammed" and was one of three detainees transferred from Guantanamo Bay to France in March 2005 for consideration for prosecution. See Detainee

---

[1] ISN 678 is in his 20s whereas petitioner's counsel informed Guantanamo personnel that petitioner Ahmed was in his 40s.

[2] Certain information concerning petitioner Ahmed's physical ailments and nationality was contained in exhibits provided with petitioner's memorandum in response to the Court's May 25, 2005 Order requiring petitioner to justify the standing of the purported next-friend, see Ahmed (dkt. no. 13). The filing of the memorandum did not prompt respondents to revisit the identification of petitioner Ahmed, however, because, at the time, it was not known that there was an identification issue or problem, and the filing was addressed to the issue of the next-friend standing of Hassen.

Transfer Announced, at http://www.defenselink.mil/releases/2005/nr20050307-2263.html.  Thus, it appears that petitioner Ahmed was released from Guantanamo before a habeas petition was filed on his behalf in April 2005.[3]

Notwithstanding the misidentification of petitioner Ahmed, as noted above, petitioner's counsel met with ISN 678 at Guantanamo in August 2005.  At that time, ISN 678, i.e., Mr. Hamoud, informed petitioner's counsel that he desired representation and authorized counsel to file a habeas petition on his behalf, which led to the filing of the petition in this case – styled as Hamoud v. Bush et al. – on September 23, 2005.  See Hamoud (dkt. no. 1).

## ARGUMENT

The Court should not consolidate the Hamoud case and the Ahmed case because the petitioners in each case are not the same person.  As explained above, petitioner Hamoud (ISN 678) remains in custody at Guantanamo.  In contrast, respondents have concluded that the petitioner in the Ahmed case was released from respondents' custody and control in March 2005 – before a petition for a writ of habeas corpus was filed with the Court.  Thus, the Ahmed petition is moot and would be appropriately dismissed.

The Hamoud case, however, should proceed along the same path as the hundreds of other Guantanamo habeas petitions filed before the various Judges of this Court.  As explained in respondents' motion to stay proceedings pending related appeals, the Hamoud case should be stayed pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, Nos.

---

[3] Respondents regret the inadvertent misidentification of petitioner Ahmed as ISN 678, which appears to be the unfortunate result of a number of factors, including use of a next-friend lacking a significant relationship with and sufficient knowledge of the petitioner, and the fact that key identifying details regarding petitioner Ahmed's identity were not initially included in the petition or provided to respondents early on in the case.

04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), <u>appeals docketed</u>, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and <u>In re Guantanamo Detainee Cases</u>, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), <u>appeal on petition for interlocutory appeal</u>, No. 05-5064 (D.C. Cir. Mar. 10, 2005).  <u>See</u> Hamoud (dkt. no. 6).

## CONCLUSION

For the reasons stated above, the <u>Hamoud</u> case and <u>Ahmed</u> case should not be consolidated.  If anything, the Court should dismiss the <u>Ahmed</u> case as moot.

Dated:  December 28, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

 /S/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
EDWARD H. WHITE
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar No. 23840-49)
NICHOLAS J. PATTERSON
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Tel:  (202) 514-2000
Attorneys for Respondents