Approved by DoD for public filing
Protected Information redacted
January 3, 2005

FILED WITH
COURT SECURITY OFFICER
1/3/06
DATE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAWAZ NAMAN HAMOUD, ) | |
| ) | Civil Action No. 05-1894 (RWR) |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

**PETITIONER'S MEMORANDUM IN RESPONSE TO THE COURT'S
ORDER TO SHOW CAUSE OF DECEMBER 14, 2005**

The Court's Order directs the parties to Show Cause why this case should not be consolidated with *Ahmed v. Bush, et al.*, 05-665 (RWR). The predicate for the Order to Show Cause was Petitioner's counsel's submission in opposition to the government's Motion for a Stay of this case, in which counsel advised the Court that "the Petitioner in this case, Fawaz Naman Hamoud, ISN # 678, was misidentified by Respondents as Hazi Ahmed, the Petitioner represented by undersigned counsel in Dkt. 05-665." See Petitioner's Memorandum in Opposition to Government's Motion to Stay Proceedings, Dkt. # 10 at 3.

Counsel submitted this information in light of the fact that the Court had entered an Order on November 1, 2005, directing Respondents to showing why the Writ of Habeas Corpus should not issue with respect to Petitioner Hamoud, to notify the Court that in response to the identical Order entered in the *Ahmed* case, Respondents had provided in August, 2005, Combatant Status Review Tribunal documents pertaining to Mr. Hamoud, not petitioner Ahmed. Id.

Counsel further advised the Court that she learned of the misidentification of Mr. Ahmed when she traveled to Guantanamo to visit Mr. Ahmed, but was instead presented with detainee

-1-

Approved by DoD for public filing
Protected Information redacted
January 3, 2005

Fawaz Naman Hamoud, INS#678.[1] Id. Petitioner's counsel did not intend to suggest by her submission that Mr. Hamoud and Mr. Ahmed are the same person: they are not. Rather, as counsel pointed out, the government misidentified Mr. Hamoud as being Mr. Ahmed, which led it to supply information from the CSRT pertaining to Mr. Hamoud in response to the Order in the *Ahmed* case.

Based on information provided by Respondents after counsel returned from seeing Mr. Hamoud at Guantanamo, and as more fully described in counsel's accompanying declaration, Mr. Ahmed appears to be a detainee also known as Mustaq Ali Patel, who was, unbeknownst to counsel until after she traveled to Guantanamo Bay, apparently returned to France prior to the *Ahmed* habeas corpus petition being filed. A more complete statement by Petitioner's counsel regarding the misidentification of Mr. Hamoud as Mr. Ahmed is set forth in the accompanying declaration.[2]

---

[1] At that time, Mr. Hamoud informed counsel that he wished to have representation in the filing of a *habeas corpus* petition.

[2] In view of the government's control of information regarding detainees at Guantanamo Bay, counsel submits that it should be able to properly identify a detainee-petitioner, or at the least seek counsel's assistance in this process when it is uncertain of the detainee-petitioner's identity. Instead, prior to counsel's visit to Guantanamo, the government never indicated that it had any uncertainty as to Mr. Ahmed's identification, or asked counsel to provide any additional information that might help it correctly identify Ahmed. In this regard, it is doubtful that prior to counsel's visit to Guantanamo anyone consulted with Mr. Ahmed's next-friend Mr. Hassen and asked him for a description of Mr. Ahmed, because when JAG Capt. ▇▇▇ consulted with Mr. Hassen at Guantanamo on August 22nd during counsel's visit, he was quickly able to pinpoint one "Haji Mohammed Ahmed" as the individual referred to by Mr. Hassen. Although the government has acknowledged the mistaken identification of Mr. Hamoud as Hazi Ahmed, it never explained why it could not have properly identified Mr. Ahmed, given the ease with which Capt. ▇▇▇ appeared to have done so on August 22, 2005. Rather, the government took the position that it had no reason to re-visit the identification of Mr. Hamoud as Mr. Ahmed even after it had received specifics regarding Mr. Ahmed's medical condition in connection with counsel's "next-friend" filing on June 9, 2005. Thus, DOJ attorney Terry Henry's September 6, 2005 email to counsel attempted to justify the government's failure to revisit the identification of

Approved by DoD for public filing
Protected Information redacted
January 3, 2005

Accordingly, since Mr. Ahmed and Mr. Hamoud are not the same person, counsel for petitioner does not believe the cases should be consolidated, and further requests that this Court not enter a stay in this case, or that it condition any stay on 1) continuing in effect the Order already entered requiring Respondents to file a statement showing why the Writ of Habeas Corpus should not issue, 2) 30-day notice of any transfer from Guantanamo, and 3) preservation of documents pertaining to Mr. Hamoud.

## CONCLUSION

For the reasons stated, counsel does not believe that the *Hamoud* and *Ahmed* cases should be consolidated.

Dated: December 23, 2005.                    Respectfully submitted,

Counsel for Petitioner:
/s/ Marjorie M. Smith
Marjorie M. Smith (NY 7922)
**LAW OFFICE OF MARJORIE M. SMITH**
P.O. Box 234
Piermont, NY 10968
845-365-6335 (PHONE)
845-365-2358 (FAX)

---

Hamoud as Ahmed after the June 9th filing as follows:

> Once the identification of petitioner as detainee #678 was made, no reason was presented to require respondents to revisit the issue. Your June 2005 filing, which provided information that the petitioner-detainee intended to be represented suffered bloody bowel movements and indicated in one exhibit that the petitioner was French or spoke French, did not prompt respondents to revisit the identification since the filing was addressed to the next-friend standing of detainee Mr. Hassen and not the identification of the petitioner-detainee. Further, that the name in the factual return submitted in early August was different from that of the putative petitioner reflects a phenomenon not uncommon in these cases, where detainees often have multiple aliases. It was not until your visit to Guantanamo that the misidentification was ascertained and the additional information concerning the purported petitioner's age was learned.

(emphasis added.)

-3-