IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Approved by DoD for public filing
Protected Information redacted
January 3, 2005

FAWAZ NAMAN HAMOUD,

Petitioner,

v.

GEORGE W. BUSH, et al.,

Respondents.

Civil Action No. 05-1894 (RWR)

DECLARATION OF MARJORIE M. SMITH

Declarant, MARJORIE M. SMITH, comes now upon penalty of perjury and declares that the following is true to the best of her knowledge, recollection and belief:

1. This Declaration is submitted in response to the Court's Order to Show Cause dated December 14, 2005, to provide the Court with additional information related to the mis-identification of petitioner Fawaz Hamoud as Hazi Ahmed, the petitioner in *Ahmed v. Bush*, et al., 05-665 (RWR).

2. I also represent petitioner Hazi Ahmed, another Guantánamo Bay detainee. The petition on Mr. Ahmed's behalf was filed as a result of his "next friend" Mohammed Mohammed Hassen, informing his attorney, Marc Falkoff of the firm Covington & Burling, that he believed that Mr. Ahmed would want a habeas corpus petition filed on his behalf.[1]

3. On April 8, 2005, I provided Respondents' Counsel, Andrew Warden, with a copy of next-friend Hassen's authorization for the filing of the Petition. Hassen's authorization stated, *inter alia*,

---

[1] On January 27, 2005, Mr. Hassen signed a statement, witnessed by Mr. Falkoff, in which he stated that he understood the legal concept of "Next Friend," that he wished to act as Next Friend for Mr. Ahmed, and that he desired a lawyer be procured for Mr. Ahmed. On April 4, 2005, Petitioner Hazi Ahmed filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("the Petition") through his Next-Friend Mohammed Mohammed Hassen. (*Ahmed* Dkt. #1).

Approved by DoD for public filing
Protected Information redacted
January 3, 2005

that he "know[s] [Petitioner Ahmed] well on a personal level" and indicated that Petitioner Ahmed is of French nationality, and speaks French and some Arabic. See Ex. A of Pet. Memo. in Response (*Ahmed* Dkt. #13).

4. On June 9, 2005,[2] Petitioners filed a Memorandum providing the Court with next-friend Hassen's authorization statement, and providing the Court and respondents' counsel with additional identifying information regarding Petitioner Ahmed. See Pet. Memo. in Response (*Ahmed* Dkt. #13), at 2-3; and Falkoff aff. Ex. B to Pet. Memo. in Response (*Ahmed* Dkt. #13).

5. In particular, the responsive filing indicated that Petitioner Ahmed "suffered from frequent bloody bowel movements," "was 'extremely sick,' was in "lots of pain" and had to take "nearly two dozen pills a day." Pet. Memo in Response (Dkt. #13), at 2, n.3 and 3.

6. Thereafter, on August 8, 2005, pursuant to this Court's Order, the government filed and served a factual return (*Ahmed* Dkt. #17) purportedly pertaining to Petitioner Ahmed. The Factual Return named detainee Fawaz Naman Hamoud Abdullah Mahdi, ISN #678 as Petitioner Ahmed. See Factual Return, at 1 (*Ahmed* Dkt. #17).

7. On August 16, 2005, I contacted Respondents' Counsel, Andrew Warden, through electronic mail regarding "the discrepancy between the [Petitioner's] name [...], Hazi Ahmed, and the name that [R]espondents have provided in the factual return, Fawaz Naman Hamoud Abdullah Mahdi." I asked, "Is Hazi Ahmed a known a/k/a for Mahdi, or can you otherwise explain how the government concluded that Mr. Ahmed's name is what was provided in the factual return?"

8. Mr. Warden responded: "[B]ased on the information available, we have determined that the

---

[2] On May 25, 2005, this Court entered an Order (Dkt. #12) directing Petitioners to provide more information regarding detainee Hassen's next-friend standing.

2

Approved by DoD for public filing
Protected Information redacted
January 3, 2005

petitioner named in your case is ISN 678 [i.e. Mr. Mahdi]." Mr. Warden added that if counsel for Petitioners' had received any correspondence from Petitioner Ahmed with a different ISN number or had other reason to believe Mr. Mahdi was not Mr. Ahmed, to please let him know.[3] Although I had sent a letter addressed to Mr. Ahmed at Guantanamo Bay, I had received no correspondence from him, and thus I had no additional information to supply to the government.

9. On August 21, 2005, I traveled to Guantánamo Bay, Cuba to meet with Petitioner Ahmed. However, on August 22, 2005, instead of meeting Petitioner Ahmed, military officials presented me with another detainee, Mr. Hamoud (Mahdi).

10. From the outset of the visit, Mr. Hamoud emphatically stated that he was not known and had never been know as Hazi Ahmed, or any similar name.

11. In addition, Mr. Hamoud did not fit the description of Petitioner Ahmed that had been provided by next-friend Hassen. In particular, Mr Hamoud disclaimed having any rectal problems or suffering from bloody stools or otherwise being in physical ill health. As well, Mr. Hamoudi's primary language was Arabic (Yemeni dialect), whereas Petitioner Ahmed was reported to primarily speak French and a little Arabic. Additionally, Mr. Hamoud stated that he was 25 years old, and could not in any way be mistaken for a man in his 40's, which is the reported age of Petitioner Ahmed.

12. After meeting with Mr. Ahmed during the morning of August 22nd, I informed Capt. Dellaconte

---

[3] Mr. Warden's email read: "... based on the information available, we have determined that the petitioner named in your case is ISN 678. If you have any information to call this conclusion into doubt (e.g., ICRC mail from Mr. Ahmed with a different ISN, legal mail from Mr. Ahmed with a different ISN, letters from Mr. Ahmed to his family with a different ISN), please let us know. I assume your only source for the name "Hazi Ahmed" is the next friend in this case, Mr. Hassen, who is another detainee at GTMO. I suspect Mr. Hassen's information about Mr. Ahmed is incomplete at best, which may explain the discrepancy in the names. Perhaps this is an issue you can raise with petitioner during your visit to GTMO."

Approved by DoD for public filing
Protected Information redacted
January 3, 2005

and then Capt. ▮▮▮▮ at Guantanamo Bay that I did not think the Government had produced Petitioner Ahmed,

13. Within 1 ½ hours thereafter, Captain ▮▮▮ informed me that he had spoken with next-friend Hassen and looked through detainee records and concluded that Petitioner Ahmed appeared to be one "Haji Mohammed Ahmed."[4]

14. Capt. ▮▮▮ further informed me that Haji Mohammed Ahmed had been released from Guantánamo sometime in March, 2005.[5] Capt. ▮▮▮ did not provide me with the exact date of release or to which country Haji Mohammed Ahmed had been sent.

15. On August 26, 2005, after I had returned from Guantanamo, I sent an electronic email to Andrew Warden, notifying him of the misidentification and requesting information regarding Petitioner Ahmed's location, state of custody and on what basis the misidentification had been made.

16. On September 6, 2005, Respondent's counsel, Terry Henry, acknowledged the misidentification and explained it as a result of the lack of information regarding the Petitioner provided by counsel.

17. Mr. Henry did not indicate what, if any, steps he, respondents' counsel had taken to properly identify Petitioner Ahmed beyond asserting that Mr. Hamoudi had an 'Ahmed' alias and was held near next-friend Hassen at the time of the filing of the Petition. Mr. Henry admitted that respondents had not revisited the question of petitioner Ahmed's identity, despite being

---

[4] Upon information and belief, the Arabic phoneme /j/ can easily be transcribed or misinterpreted by English speakers as /z/. Thus, it is not surprising that the honorific "Haji" could be mis-transcribed as "Hazi."

[5] While Mr. Hassen had informed Mr. Falkoff, his attorney, that Mr. Ahmed had been moved from his cell block sometime prior to April, 2005, he was not aware that Mr. Ahmed had been transferred out of Guantanamo Bay.

Approved by DoD for public filing
Protected Information redacted
January 3, 2005

presented with additional information in Petitioner's Memorandum of June 9, 2005 (*Ahmed* Dkt. #13) and being questioned by me regarding the misidentification upon my receipt of the Factual Return (*Ahmed* Dkt. #17).

18. Furthermore, Mr. Henry suggested that "[i]t now appears, based upon all of the information available from [Petitioners' Counsel] and the next-friend [Hassen], that the *best guess* is that the putative petitioner was <u>one of the three detainees</u> transferred to France in March 2005 for consideration for prosecution." (emphasis added).

19. The three French detainees released to France in March 2005, included one detainee that I represented, Khaled Ben Mustapha; the others were Ridouane Khalid and Mustaq Ali Patel.

20. Counsel for Mr. Khalid, Wesley Powell, informed me that his client was never known as Hazi Ahmed, Haji Mohammed Ahmed or any similar name. Conversation with the office of Mr. William Bourdon, the French attorney for Mustaq Ali Patel, has led me to believe that Mr. Ahmed is most likely Mr. Patel. However, French counsel has not been able to confirm this directly with Mr. Patel, who was released once he was returned to France and apparently resides now in England.[6]

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 23, 2005

/s_____
Marjorie M. Smith

---

[6] The government explained its misidentification of Mr. Ahmed as "the unfortunate result of a number of factors, including use of a next-friend lacking a significant relationship with and sufficient knowledge of the putative petitioner..." Email of Terry Henry, Sr. Trial Counsel, DOJ, 9/6/05 to Marjorie Smith. In fact, Mr. Hassen had knowledge of Mr. Ahmed, but the government neglected to check who it was identifying against Mr. Hassen's knowledge until counsel went to Guantanamo Bay and spoke directly with personnel there.