**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FAWAZ NAMAN HAMOUD,**<br>**Petitioners,**<br>**v.**<br>**GEORGE W. BUSH et al.,**<br>**Respondents.** | **Civil Action No. 05-1894 (RWR)** |

**MEMORANDUM ORDER**

Petitioner Fawaz Naman Hamoud is a detainee in United States custody at Guantanamo Bay Naval Base who filed a petition for a writ of habeas corpus challenging the legality of his detention. Respondents have filed a motion to stay all proceedings pending resolution of the appeals in Khalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed sub nom. Boumediene v. Bush et al., Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 3, 2005) and In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeals docketed, Nos. 05-5064 et al. (D.C. Cir. Mar. 7, 2005).[1] (See Dkt. No. 4.) Petitioner opposes the stay and argues that any stay granted should, at a minimum,

[1] One of the disputed matters on appeal before the District of Columbia Circuit has been resolved by decision of the United States Supreme Court in Hamdan v. Rumsfeld, -- S. Ct. -- , 2006 WL 1764793 (June 29, 2006), where the Court made clear that this court retains jurisdiction over this habeas corpus petition. See id. at *13-16 & n.15.

be conditioned on orders requiring the respondents to preserve all documents and information relating to petitioner and to provide thirty days' notice of any transfer of petitioner. (See Dkt. No. 10.) Respondents' motion to stay all proceedings will be granted in part and denied in part.

I. CONDITIONAL STAY OF PROCEEDINGS

A primary purpose of a stay pending resolution of issues on appeal is to preserve the status quo among the parties. Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to maintain the status quo between the parties). A court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit or execution of judgment has been stayed pending appeal. Cooks v. Fowler, 459 F.2d 1269, 1272-73 & n.27 (D.C. Cir. 1971) (affirming condition of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); see also City of Portland, Or. v. Federal Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing the proponent of a stay in a case challenging shippers' exclusion of one city's port from service to "be prepared to state reasons

why this court should not impose a conditional stay requiring the rotation of service among the ports involved pending final review and determination”); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir. 1967) (discussing a stay of execution of judgment conditioned upon support payments); Center for Int’l Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on party seeking an expedited appeal). Where, as here, the conditions imposed on the proponent of the stay are “neither heavy nor unexpected,” imposing a protective condition is well within a court’s discretion. Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating “[w]e have little doubt that . . . [a court] may fashion an equitable remedy to avoid placing one party at a severe disadvantage during the period of litigation”)).

Therefore, here

> the court will “guard against depriving the processes of justice of their suppleness of adaptation to varying conditions.” Landis v. North American Co., 299 U.S. 248, 256 (1936). Coextensive with a district court’s inherent power to stay proceedings is the power to craft a stay that balances the hardships to the parties. Id. at 255 (noting concern regarding a stay causing “even a fair possibility . . . [of] damage to some one else.”); see also Clinton v. Jones, 520 U.S. 681, 707 (1997) (noting that “burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case.”).

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005) (Urbina, J.) (Order, Dkt. No. 12).

II. PRESERVATION OF EVIDENCE

The Supreme Court's opinion in Harris v. Nelson, 394 U.S. 286 (1969), makes clear that the discovery provisions of the Federal Rules of Civil Procedure do not automatically apply in whole to federal habeas corpus proceedings. Id. at 294 n.5, 298-99. Therefore, the preservation obligations that flow to a litigant from the federal discovery rules cannot be presumed to apply to habeas litigants absent some express application by a court. Accordingly, a preservation order in habeas proceedings, particularly in proceedings such as these where there has been no full disclosure of the facts on the public record that justify the challenged detention, is not superfluous or unnecessary.

Harris also makes clear that a district court's authority to issue orders pursuant to 28 U.S.C. § 1651 in aid of its fact-finding obligations in habeas corpus proceedings is intended to be flexible and should be exercised as the circumstances require for a proper and just disposition.

> [The Supreme Court has] held explicitly that the purpose and function of the All Writs Act to supply the courts with the instruments needed to perform their duty [to issue orders appropriate to assist them in conducting factual inquiries] . . . extend to habeas corpus proceedings.
>
> At any time in the [habeas corpus] proceedings, when the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly "dispose of the matter as law and justice require," either on its own motion or upon cause shown by the petitioner, it may issue such writs and take or authorize such

> proceedings with respect to development, before or in conjunction with the hearing of the facts relevant to the claims advanced by the parties, as may be "necessary or appropriate in aid of [its jurisdiction] . . . and agreeable to the usages and principles of law." 28 U.S.C. § 1651.
>
> . . . Obviously, in exercising this power, the court may utilize familiar procedures, as appropriate, whether these are found in the civil or criminal rules or elsewhere in the "usages and principles of law."

394 U.S. at 299-300 (footnote omitted). "[T]he power of inquiry on federal habeas corpus is plenary" and its exercise depends entirely on the circumstances. Harris, 394 U.S. at 291.

The preservation order petitioners seek is tailored to preserve "documents and information in . . . [respondents'] possession" that may be "relevant to litigation or potential litigation or are reasonably calculated to lead to the discovery of admissible evidence." Wm. T. Thompson Co. v. General Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984). Documents reflecting treatment of detainees -- whether statements of official policy, cumulative evidence of specific practices, or something else -- may be probative of the treatment of petitioners or may lead to other probative evidence. The requested order imposes no greater obligation on respondents than the federal discovery rules' preservation obligations impose on a litigant in a typical civil lawsuit.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that respondents' motion for a stay be, and hereby is, GRANTED in part and DENIED in part. The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioner may seek emergency relief from this court in appropriate circumstances, such as when petitioner has reason to believe that he is facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court. It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and petitioner or any counsel representing him with thirty days' advance written notice of any transfer or removal of the detained petitioner from United States custody at Guantanamo Bay. It is further

ORDERED that respondents shall preserve and maintain all evidence, documents and information, without limitation, now or

ever in respondents' possession, custody or control, regarding the detained petitioner in this case.

SIGNED this 5th day of July, 2006.

/s/
RICHARD W. ROBERTS
United States District Judge